UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                        CASE NO.

**RICHARD EDWARD HUNT**               **18-10802**
                                                             SECTION A
ALLEGED DEBTOR                         INVOLUNTARY CHAPTER 7

**REASONS FOR DECISION**

This matter came before the Court on Issis R. Elwin's ("Elwin") Motion for New Trial or To Alter or Amend Order dismissing the case.[1]

**I. Fact**s

On March 30, 2018, Issis R. Elwin ("Elwin") filed an Involuntary Petition[2] ("Petition") under Chapter 7 of the Bankruptcy Code naming Richard Edward Hunt ("Hunt") as the alleged debtor.

On April 18, 2018, Hunt filed an Answer,[3] contesting the Petition.

The Court entered oral reasons and an Order on May 14, 2018, granting the Motion to Waive Filing Fee; dismissing the Petition; and denying punitive damages.[4]

Elwin filed a Motion for New Trial or to Alter or Amend Order.[5] The Court took the matter under advisement.[6]

---

[1] P-22.

[2] P-1.

[3] P-9, 10.

[4] P-17.

[5] P-22.

[6] P-24.

## II. Law and Analysis

Motions for Reconsideration filed no later than fourteen (14) days after entry of judgment, as this one, are treated as Motions for New Trial or to Alter or Amend a Judgment pursuant to F.R.C.P. 59.[7] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[8] For a Motion to Alter or Amend Judgment to prevail, it must:

> [C]learly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.[9]

The Court must balance two interests: "1) the need to bring litigation to an end; and 2) the need to render just decisions based on all the facts."[10]

Elwin asserts that the Court denied her due process by improperly noticing the hearing, improperly questioning Hunt, dismissing the case *sua sponte* without an evidentiary hearing, and failing to cite law in its oral reasons.

### A. Notice of Hearing

F.R.B.P 1013(a) provides:

> The court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order.

---

[7] F.R.C.P. 59 is made applicable to this proceeding by F.R.B.P. 9023.

[8] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

[9] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

[10] *Templet*, 367 F.3d at 479.

Because F.R.B.P 1013(a) requires that hearings on contested Involuntary Petitions be held "at the earliest practicable time," such hearings are generally held on an expedited basis rather than the twenty-one (21) days' notice required in most contested motions.[11]

The policy behind holding a hearing on a contested petition "at the earliest practicable time" is the "gap" period between when an Involuntary Petition is filed and an Order for Relief is entered. During this period, when it has not yet been determined whether the petition is valid, the debtor's reputation suffers. Creditors are also harmed because a creditor who deals with the debtor between the filing of the involuntary petition and an Order for Relief (a "gap" creditor) is given third priority status, below typical administrative claims. Payments to creditors on debts incurred prior to the filing may also be avoided and certain actions may be void *ab initio* if the filing is ultimately confirmed as appropriate. The automatic stay pursuant to 11 U.S.C. § 362 comes into effect immediately upon the filing of an involuntary petition preventing creditors from pursuing legitimate claims.[12] These effects occur during the gap period regardless of notice.

Because Elwin failed to provide sufficient information on Hunt with her Petition for the Court to schedule an expedited hearing, the Court gave twenty-one (21) days' notice of the hearing. The typical notice for contested motions is on twenty-one (21) days' notice. In total, this Petition was pending from March 30, 2018, through May 14, 2018, a period of forty-four (44) days prior to the hearing.

---

[11] *See* F.R.B.P. 2002(a).

[12] *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1273 (5th Cir. 1983).

The Court's Order Setting Hearings on Hunt's Answer to the Petition and Elwin's Motion to Waive Filing Fee was properly served on Hunt, Elwin, and the U.S. Trustee and afforded Elwin sufficient time to present her case.[13]

### B. The Court Questioning the Parties

Neither Elwin nor Hunt were represented by counsel, so the Court took time to explain the reason for the hearing and the burden of proof to both parties.[14] In accordance with the requirements of 11 U.S.C. § 303(b) regarding the filing of an involuntary case, the Court questioned Hunt as to the number of his creditors, whether he was paying debts as they became due, and the amount he owes to Elwin. The Court also questioned Elwin regarding the amount due her. In addition, Elwin questioned Hunt.

F.R.E. 614 provides:

(a) Calling. The court may call a witness on its own or at a party's request. Each party is entitled to cross-examine the witness.

(b) Examining. The court may examine a witness regardless of who calls the witness.
...

"A trial judge's questioning of witnesses is permissible if aimed at clarifying the evidence or managing the trial."[15] The Court did not show bias in questioning Hunt and Elwin. It directed the hearing toward the relevant issue: the requirements of 11 U.S.C. § 303(b) for the filing of an

---

[13] P-11. Hunt and Elwin were served by mail, and the U.S. Trustee was served electronically through the CM/ECF system. No other creditors were served because Elwin was the sole petitioning creditor and the only known creditor at the time.

[14] P-21, Tr. T. 5/15/18, p. 4-6.

[15] *U.S. v. Davis*, 285 F.3d 378, 383 (5th Cir. 2002).

involuntary case. When Elwin's questions to Hunt were irrelevant to the issue before the Court, the Court redirected her.[16]

### C. Dismissal of the Case

F.R.B.P. 1013(a) provides:

> The court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order.

Dismissal of the contested petition was clearly within the Court's authority under F.R.B.P. 1013(a). Proper notice was given to Elwin of the hearing on Hunt's Answer to the Petition.

Elwin complains that she was not afforded an evidentiary hearing. To the contrary, an evidentiary hearing was held on May 14, 2018. At the hearing, Elwin was afforded the opportunity to offer evidence regarding the validity of the Petition and request for entry of an Order for Relief. She questioned Hunt under oath, provided her own testimony, and submitted an accounting prepared by the Louisiana Department of Children & Family Services of child support payments and charges. Elwin simply did not meet her burden of proof.

Elwin has asserted no newly discovered evidence that was unavailable to her at the hearing on May 14, 2018.

### D. Law Supporting the Court's Reasons for Dismissal

On Elwin's request, the Court has entered written findings of fact and conclusions of law.[17] In those Reasons, the Court cited law supporting its conclusion that Elwin has a maximum child support claim of $11,935.49 not subject to a bona fide dispute. This is below the statutory threshold

---

[16] P-21, Tr. T. 5/15/18, p. 29-30, 32-33, 37-38.

[17] P-25.

contained in 11 U.S.C. § 303: that Elwin hold a claim against Hunt of at least $15,775 that is not contingent as to liability nor the subject of a bona fide dispute as to liability or amount.

The merits of the child support dispute between Elwin and Hunt were not at issue at the hearing on Hunt's Answer contesting the Petition. It is clear that Elwin believes the State Court should not have granted new trial on the amount of child support.[18] However, this Court is prevented by the *Rooker-Feldman* doctrine from reviewing a State Court order.[19]

Before the Court was a determination under 11 U.S.C. § 303 of whether it was proper for Elwin to be the sole petitioning creditor and an Order for Relief confirming the bankruptcy should be entered.

> [T]he petitioning creditor must establish a prima facie case that no bona fide dispute exists. Once this is done, the burden shifts to the debtor to present evidence demonstrating that a bona fide dispute does exist. ... The court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute. ... Finally, because the determination as to whether a dispute is a bona fide will often depend ... upon an assessment of witnesses' credibilities and other factual considerations, the bankruptcy court's determination in this regard is a factual finding that may be overturned on appeal only if it is clearly erroneous.[20]

Elwin did not meet her burden of establishing a *prima facie* case that no bona fide dispute exists. Therefore, the burden did not shift to Hunt to present evidence. Elwin has raised no manifest error of law or fact or newly discovered evidence.

---

[18] Elwin provides in her Motion for New Trial or To Alter to Amend Order that she is seeking a hearing "concerning the factual and legal basis for Mr. Hunt's Motion for New Trial [in state court] and Judge Nakisha Ervin-Knott's "Null" Judgment or Order...." P-22, p. 8.

[19] *See Exxon Mobile Corp. v. Saudi Basic Industries, Corp.* 544 U.S. 280, 125 S.Ct. 1517 (2005).

[20] *Matter of Sims*, 994 F.2d at 221 (quoting *In re Rimell*, 946 F.2d 1363, 1365 (8th Cir. 1991)).

### E. Finality v. Just Decision

The need for finality is particularly strong in the case of an involuntary bankruptcy petition. In requiring a hearing on a contested petition "at the earliest practicable time," F.R.B.P. 1013 "recognizes that the interests of both the debtor and the creditors are best served by prompt resolution of the issues raised by an involuntary bankruptcy petition."[21]

For the reasons explained above, the Court afforded the parties twenty-one (21) days' notice of the hearing after the matter had already been pending for twenty-three (23) days. Forty-four (44) days was more than sufficient time for Elwin to prepare her evidence supporting the Petition.[22]

Elwin would like this Court to hold an evidentiary hearing on the validity of the State Court order granting new trial on the amount of child support and basis for Hunt seeking that new trial.[23] That matter is not before this Court, and Elwin cannot use an involuntary bankruptcy petition to circumvent State Court authority. The decision rendered by the Court on May 14, 2018, is just.

## III. Conclusion

For the Reasons assigned above, Elwin's Motion for New Trial or to Alter or Amend Order dismissing the case is denied. A separate Order will be entered in accord with these Reasons.

New Orleans, Louisiana, July 25, 2018.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[21] 9 COLLIER ON BANKRUPTCY ¶ 1013.2 (Richard Levin & Henry J. Sommer eds., 16th ed.).

[22] In truth, Elwin should have had the evidence to support the Petition prior to filing.

[23] P-22, p. 8.